BARNA, Plaintiff-Appellee, v. BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION AND REPUBLIC STEEL CORPORATION, Defendants-Appellants.

Ohio Appeals, Seventh District, Mahoning County.

No. 4070.   Decided October 15, 1959.

Eugéne B. Fox, Youngstown, for plaintiff-appellee.

Mark McElroy, Atty. Genl., Daniel T. Lehigh, Asst. Atty. Genl., Columbus, for defendant-appellant, Board of Review, Bureau of Unemployment Compensation.

## OPINION

Per CURIAM.

On December 12, 1957, the Administrator of the Bureau of Unemployment Compensation, called the administrator, affirmed his initial determination of the claim of plaintiff, called claimant, which suspended claimant's benefit rights as of November 17, 1957, on the ground that claimant failed to report as directed, and disallowed claim for benefits for week ending November 23, 1957.

Claimant duly appealed, and upon rehearing the referee affirmed the decision of the administrator, from which decision claimant filed application to institute further appeal.   That application subsequently the board disallowed, which disallowance on rehearing it subsequently affirmed.   Such action suspended the benefit rights.

The decision of the Board on rehearing provided:—

"Prior to filing original application for determination of benefit rights on October 28, 1957, claimant was last employed as a stenographer by Republic Steel Corp., in Youngstown, from September 24, 1956 to October 10, 1957.   She was laid off by reason of lack of work.   Her application was allowed with benefit year beginning October 27, 1957; weekly benefit amount, $33.00.

"When claimant appeared at the Youngstown local office on November 13, 1957, her regular reporting day, she was told to be seated and to wait for an interview by a claims examiner. She failed to do so. On November 20, 1957, upon reporting at the local office, she was again directed to wait for an interview, but again she did not do so. Instead, she contacted an Employment Service interviewer with reference to potential employment and then left the office.

"On November 21, 1957, the Youngstown local office mailed a card to claimant, directing her to report at that office on or before November 25, 1957. Claimant did not appear until November 26, and then did not wait for an interview when directed to do so.'

"Claimant testified that she was confused; that it was her first experience in unemployment compensation matters and that she was not aware of the existence of two branches of the Bureau—Unemployment Compensation Division and Employment Service."

From such decision claimant appealed to the court of common pleas. A judge of such court upon hearing held that the decision of the board was not unreasonable, unlawful nor against the manifest weight of the evidence.

Upon rehearing before the court of common pleas the judge found that the decision of the board was unreasonable, and against the manifest weight of the evidence, and ordered, adjudged and decreed that the original decision be reversed and vacated and entered final judgment for claimant under authority of §4141.28 R. C.

The administrator of the Bureau of Unemployment Compensation appealed on questions of law from such judgment of the court of common pleas.

The board claims that the judgment of the court of common pleas is contrary to law because:—

"The decision of purely factual questions is primarily within the province of the referee and the board of review. The courts reverse such decisions only when found to be contrary to law or against the manifest weight of the evidence." Brown-Brockmeyer Co. v. Rosch et al, 148 Oh St 511 at page 518.

Also see Craig v. Bureau of Unemployment Compensation, 51 Abs 449.

As urged by the Board the "claimant has the burden of proving he is entitled to unemployment benefits" as held in Shannon v. Bureau of Unemployment Compensation, 155 Oh St 53.

In the case we review we find nothing indicating to us that the judge of the court of common pleas clothed himself with original jurisdiction, nor attempted to determine the case as if it had been filed originally in that court. On the contrary, the judge of the court of common pleas heard the case on review, and found, as we believe justly, that the finding and decision of the board was unreasonable and against the manifest weight of the evidence, reversed such decision, and entered final judgment for the claimant.

The transcript of the proceedings before the bureau in this case fails to reveal any proof that claimant was ever directed to take a seat and wait for a benefit rights interview. There is proof in the testimony of claimant that she was not so instructed (see page 24).

On page 21 of the transcript Mr. Fox asked: "Can you tell me if the Ohio State Employment Compensation law requires her to show up for the interview?" On page 22 Mr. Fox stated: "I would like the record to show at least from the examination we have made at this time, there is no specific statute or no specific rule of it either passed by the legislature, or set forth by the Bureau of Employment Compensation that requires a benefit rights interview. I think that is all I have."

As pertinent, §4141.29 (C) (6) R. C., provides:—

"(C) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits for the duration of any period of unemployment with respect to which the administrator finds that such individual: * * *

"(6) Has failed to report to the bureau or its designated agencies as required by its rules; * * *."

Sec. 4141.13 R. C., provides in part:—

"In addition to all other duties imposed on the administrator of the bureau of unemployment compensation and powers granted by §§4141.01 to 4141.46 inclusive, R. C., the administrator may:

"(A) Adopt and enforce reasonable rules and regulations relative to the exercise of his powers and authority, and proper rules to govern his proceedings and to regulate the mode and manner of all investigations and hearings; * * *."

In answering claimant's contention counsel for the board argue:—

"Regulation No. 403.2 captioned 'Additional Reporting' provides as follows:—

"'An individual who has filed an application for determination of benefit rights shall report to the local office whenever instructed to do so by the Administrator or his deputy.'

"Argument may be advanced by opposing counsel that this court is not required to take notice of rules and regulations promulgated by an administrative agency."

In answer to the foregoing statement counsel calls our attention to Sutherland Statutory Construction, Volume 2, Page 313, Section 4404, as follows:—

"A few states refuse to take judicial notice of administrative rules and orders. A few will not take notice of the regulations on appeal where its presentation at that time would be burdensome and unfair In general the minority rule is open to severe censure—obscures rather than clarifies the presentation of disputable facts, it excludes a part of the law of the case which the court, knowing of its existence, should apply."

In a word the sole reason why the plaintiff was disqualified by the bureau was because she failed to report for a benefit rights interview.

Witness Coney, claims examiner, testified:—

"Q. I said except reporting for this interview as far as your files show, your record shows she did meet all the requirements of the Bureau of Employment Compensation.

"A. Yes."

According to the evidence the purpose of the benefit rights interview is:—

**516**

"Q. * * * Now, this examining section you are referring to that Miss Barna did not report to, what is the purpose of that section?

"A. To take care of all irregularities, to determine whether or not they meet the requirements of the Ohio law."

The evidence shows that all requirements had been complied with fully. Plaintiff's failure to report for a benefit rights interview would hardly seem a reasonable ground for the board's action in the absence of a statutory requirement for such interview.

Bureau's regulation Number 403.2, captioned "additional reporting" is not a rule of which we can take judicial notice. The regulation at most requires claimant to report to the bureau's office when instructed and makes no reference to benefit rights interview.

Claimant obeyed instructions given her each time when applying at the claim's benefit office for interview to "have a seat," which each time resulted in the same procedure—interviewing a Miss Rinehart in the Employment Referral Section of the office.

We conclude that the court of common pleas under the evidence in this case was well warranted in holding that the decision of the Bureau of Unemployment Compensation was unlawful, unreasonable and against the manifest weight of the evidence.

The judgment of the court of common pleas from which appeal is taken is affirmed.

GRIFFITH, PJ, PHILLIPS and DONAHUE, JJ, concur.